W. WILSON *v.* THE STATE.

1. ROBBERY—INDICTMENT. — Under the Penal Code of this state, robbery may be committed either by assault and putting in fear of life or of bodily injury, or by violence and putting in fear of life or of bodily injury. In either case the indictment must allege the "putting in fear," etc., as well as the assault or violence.

2. JURY—CHALLENGE FOR CAUSE. — Defendant challenged two jurors because at a former trial they were summoned as jurors and were then per-

emptorily challenged by him. *Held*, not good cause of challenge; but, if the jurors, on their *voire dire*, evinced bias against the defendant on account of a previous challenge, such bias would be good cause.

3. "THEFT FROM THE PERSON." — A taking of property from the person of another without the latter's consent, but without putting him in fear, is not robbery, under the Penal Code of this state; but, if done without his knowledge, or so suddenly as to preclude resistance, might constitute theft from the person under article 763. Pasc. Dig., art. 2407.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

According to the testimony of the prosecuting witness he was lying on a bed when the defendant, with whom he had been carousing, came into the room and asked him a friendly question, and stepped up to the bed and thrust his hand into witness' pocket, from which he took a pocket-book containing $8, and thereupon ran away with the spoils.

The indictment charged that the defendant "unlawfully willfully, maliciously, and feloniously, and with force and by violence, did take from the possession of James Cross," etc.

*J. R. Mason*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. Appellant was tried and convicted of robbery, and his punishment affixed at two years' confinement in the penitentiary. The motion in arrest of judgment, which was overruled, was in these words, viz.: "Because the indictment failed to charge that there was a putting in fear of life or bodily injury." The same objection had been made in the motion to quash and in the motion for a new trial, and is again submitted in the assignment of errors.

The statute reads: "If any person, by assault or by violence and putting in fear of life or of bodily injury, shall

fraudulently take from the person or possession of another any property, with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for a term not less than two nor more than ten years. " Pasc. Dig., art. 2379.

Mr. Bishop, in his work on Criminal Procedure (vol. 2, sec. 1002), gives the form of an indictment for common-law robbery, the allegation in this particular being " and him, the said B, in bodily fear and danger of his life then and there feloniously did put, " etc. At section 1005 he says : " As to putting in fear, Mr. East observes the taking must be charged to be with violence from the person, and against the will of the party ; but it does not appear certain that the indictment should also charge that he was put in fear, though this is usual, and, therefore, safest to be done. But in the conference on Donnolly's case, where this subject was much considered, it was observed by Eyre, B., that the more ancient precedents did not state the putting in fear, and, though others stated the putting in corporeal fear, yet the putting in fear of life was of modern introduction. Other judges considered that the gist of the offense was the taking, etc., by violence, and that the putting in fear was only a constructive violence supplying the place of actual force." 2 Bish. Cr. Proc., sec. 1005.

It will be noted that our statute defining the offense as above quoted uses the terms " by assault or by violence, and putting in fear of life or of bodily injury," etc. The construction to be placed upon these words as thus used seems too plain to admit of controversy. Under the statute, robbery may be committed in either one of two ways or modes : first, by assault and putting in fear of life or of bodily injury ; second, by violence and putting in fear of life or of bodily injury. The use of the conjunctive conjunction " and," connecting the " assault " or the " violence " with " putting in fear of life or of bodily injury,"

makes the latter necessary to one or other, or either of the former, in constituting the offense; and without this allegation an indictment cannot be good for robbery, under the statute. The motion in arrest of judgment should have been sustained by the court.

The indictment, though perhaps not drawn in accordance with the ordinary forms and precedents for such an offense, is yet believed to be good for the offense of "theft from the person;" and, if the testimony as shown by the record here establishes any offense at all, such offense, it is believed, would, under subdivision 2 of article 2407, Paschal's Digest, constitute "theft from the person." The subdivision referred to is in these words:

"2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away."

The question presented by the only bill of exceptions in the case is whether, if on a former trial of a case a juror or jurors had been peremptorily challenged by defendant, this would be good cause for challenge when the same juror or jurors were put upon the panel on a second trial of the case.

It is believed that most of the causes for challenge to the particular juror are those enumerated in General Laws Fifteenth Legislature, page 83, section 26. Certainly, under that statute, it could have been ascertained whether or not the juror or jurors was or were biased or prejudiced against defendant on account of the peremptory challenge made to them on the former trial, and, if from their answers it appears they were, then the challenge for that cause would have been good. But it is not a good challenge for cause simply that a juror had been peremptorily set aside and challenged by defendant on a former trial. The court did not err in its ruling in this regard. *Smith* v. *The Commonwealth*, 7 Gratt. 593.

But, for the reasons as above set out — that the indictment is not good for robbery, and that, therefore, the court erred in overruling the motion in arrest of judgment — the judgment must be reversed and the cause remanded.

*Reversed and remanded.*